PER CURIAM:
Claimants Ronnie Markel and Pamela Markel originally brought this action for damage to their vehicle and for personal injuries to their minor daughter Tara Markel; however, Tara Markel is now of majority so she is a proper party claimant. The incident giving rise to this claim occurred when claimant Tara Markel was traveling north on County Route 38 inBerkeley County, lostcontrol ofher vehicle in a curve, and the vehicle then struck a tree on the side of the road. This portion of County Route 38 is maintained by respondent in Berkeley County. The Court is of the opinion to deny this claim for the reasons set forth more fully below.
On June 12,1999, at approximately 10:00 p.m., Tara Markel and two other passengers were traveling north on County Route 3 8 also referred to as Blairton Road. Ms. Markel was driving her parents’ 1987 Honda Accord four door LX. She and her passengers had visited a friend and they were on their way home. It had been raining earlier that evening, but the rain had stopped by the time the claimant was driving home. She stated that the roads were wet and that it was foggy. The fog was thick enough to allow Ms. Markel to see several feet ahead ofher. She stated that she was traveling with her low beam lights on. Ms. Markel testified that she was traveling approximately thirty-five miles per hour or less, but probably below thirty-five miles per hour in a straight stretch. As she approached the top of a hill, she thought that the road was continuing straight, when suddenly she realized that she was approaching a significant curve. She stated that she did not realize how bad the curve was until she was up on it. She applied the brakes but could not maintain control of the vehicle, which skidded off the road and crashed head-on into a tree. Tara Markel suffered neck and back strain as a result of the impact and the vehicle was totaled. The curve where this incident occurred is not posted with any speed limit signs or any warning signage. There are posted speed limit signs of thirty miles per hour in place prior to reaching this curve. Ms. Markel testified that she knew the speed limit on this portion of Route 38 was thirty miles per hour.
The claimants contention is that there should have been a sign posted near this curve warning the traveling public of its potential danger. The claimants contend if there had been such a warning sign present that Tara Markel would have slowed the vehicle down and proceeded with more caution and that she would not have lost control of the vehicle. Ronnie Markel and Pamela Markel are seeking an award of $3,425.00, which they claim is the value of their vehicle. Tara Markel suffered personal injuries for which she incurred medical expenses in the amount of$l,315.27. However, all of this was covered by herparents’ automobile insurance and, therefore, she seeks no award for this amount. Tara Markel also incurred lost wages of which amount eighty-five percent was covered by her parents’ insurance carrier. Therefore, Ms. Markel seeks recovery for the remaining fifteen percent of her lost wages. She also seeks an award for future medical care for the injuries she sustained in this incident.
Respondent asserts that it had no notice that the curve where this incident occurred presented a hazard to the traveling public until after this incident on June 12, 1999. Respondent also asserts that the maximum speed limit on this road is thirty miles per hour and that no vehicle should be traveling above thirty miles per hour under any circumstances.
Claimant Ronnie Markel testified that in his opinion respondent should have had a warning sign in place to give the the traveling public notice to reduce their speed due to an approaching sharp curve. He testified that there is such a warning sign prior to reaching the next curve in the road on Route 38. He maintains that since *183 respondent had placed a warning sign at the next curve on Route 38, then it could have and should have placed one at the location of this incident. Mr. Markel introduced photographs to demonstrate that there is enough space in a straight stretch prior to the curve at issue to place a warning sign. He also presented photographs to demonstrate that the curve at issue was a significantly sharp curve which was unmarked by any warning signs.
Tara Markel testified that it is her opinion a driver cannot make the turn safely while traveling thirty-miles per hour, which she knew to be the speed limit on that road. Ms. Markel testified that she had traveled this road as a passenger prior to this incident approximately twice, but she had never driven it herself. At the time of this incident, Ms. Markel was sixteen years of age and had been driving approximately one year. She completed a “special driver education” class prior to driving on her own and prior to this incident. She testified that she was driving carefully on the night of this incident and acted as any prudent driver would under the circumstances. According to Ms. Markel, she did not realize that the straight stretch of the highway was changing into a curve. At the last second, she realized it was a sharp curve. Then, she attempted to slow down, but still lost control of the vehicle. She stated that there was a great deal of vegetation including trees on the opposite side of the road where the curve was and this heavy vegetation made it even more difficult for her to recognize that she was approaching a sharp curve.
Mark Baker, the assistant supervisor of maintenance operations in Berkeley County, testified that he is in charge of the daily field operations for maintenance in Berkeley County. He is familiar with County Route 38 and the location of the incident at issue. County Route 38 is a two lane, secondary, blacktop road. It has a double yellow center line and white lines on the edges. The approximate width is twenty-two feet. Mr. Baker testified that to the best of his knowledge his office had not received any complaints regarding the curve at issue prior to the claimant’s incident on June 12, 1999. To the best of his knowledge, Mr. Baker recalls the speed limit at the time of this incident to have been thirty miles per hour at the location of this incident. He does not recall ever being called out to a wreck at or near this location during the nine years he has been employed in this position.
Larry Deitz, the District Traffic Engineer for respondent in District 5 which includes Berkeley County, testified that one of his responsibilities is signage and requests regarding signage issues. Mr. Deitz is familiar with County Route 3 8 and the location of this incident. He testified that the Traffic Engineering Department keeps a file on each county road within District 5. In each file, is a complaint form which is kept in the évent that any complaints or requests arise from the public. According to Mr. Deitz, there are no complaints or requests regarding the curve at issue. He went on to testify that there are a large number of curvy roads in this State and that a lot of these roads have come into being over a long period of time. He stated that factors such as increases in traffic, and speed limits, as well as changes in pavement, can in some cases cause a curve to become a problem. Individual curves also may be provided signs according to complaints that come to the respondent from citizens.
The well established law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). To hold respondent liable, the claimant must establish by a preponderance of the evidence that the respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985); see also Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986). Finally, to be actionable, the *184 respondent’s negligence must be the proximate cause of the claimant’s injuries. Louk v. Isuzu Motors, Inc. 198 W.Va. 250; 479 S.E.2d 911 (1996); see also Roush v. Johnson, 139 W.Va. 607, 80 S.E.2d 857 (1954).
In the present claim, the Court is of the opinion that the claimant failed to establish by a preponderance of the evidence that respondent had prior notice that the curve at issue presented a hazard to the traveling public. The evidence established that respondent did not have any prior complaints regarding this curve, nor had there been any accidents there until the accident which is the subject matter of the instant claim. Given the nature of West Virginia’s curvy roads, including the one at issue, respondent cannot be expected to foresee every curve that could potentially present a danger to the traveling public. While sympathetic to the claimants, the Court is constrained by the evidence to deny the claim.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.